# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| In re:    MICHELE Y. BROWN,    Debtor. | Case No. 07-30283-KRH<br>Chapter 13 |

MICHELE Y. BROWN,
    Movant,

v.

PIT ROAD AUTO SERVICE,
PAUL FOSTER,
TAYLOR'S TOWING,
and
JERRY TAYLOR
    Respondents,

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the motion of Debtor Michele Brown (the "Debtor") for contempt. The Debtor filed the Motion for Contempt (the "Contempt Motion") against Paul Foster, Pit Road Auto Service, Jerry Taylor, and Taylor's Towing (hereinafter jointly referred to as the "Respondents") alleging violation of the automatic stay of the Bankruptcy Code, 11 U.S.C. § 362(a).  The Contempt Motion was granted by default at a hearing conducted on February 28, 2007, and the Court entered an Order Granting the Motion for Contempt (the "Order") on April 5, 2007.  On June 6, 2007, an evidentiary hearing was held to determine damages.  Based upon the evidence adduced, at the conclusion of the hearing, the Court awarded the Debtor $2,244 for attorneys' fees and $3,300 for damages that had been

caused to the Debtor's vehicle. The Court announced that it would take the matter of punitive damages under advisement.

Having further reviewed the applicable law, the Court concludes there is ample evidence to support an award of punitive damages against Jerry Taylor and Taylor's Towing in addition to the compensatory damages and the award of attorneys' fees previously found by the Court. Accordingly, the Court will order punitive damages totaling $5,000.00 be imposed against Taylor and Taylor's Towing. No punitive damages will be assessed against Paul Foster and Pit Road Auto Service.

### **FINDINGS OF FACT**

On January 26, 2007, Michele Brown (the "Debtor") filed a voluntary Chapter 13 bankruptcy petition. At the time of the filing, the Debtor owned a 1989 Ford Tow Truck (the "Vehicle") which constituted property of the bankruptcy estate. In September 2006, the Debtor had taken the Vehicle to Pit Road Auto Service, owned by Paul Foster, for repairs. However, at some time either prior to or immediately following the filing of the Debtor's Chapter 13 petition, Foster and/or Pit Road caused the Vehicle to be removed from the Pit Road premises by Taylor and Taylor's Towing. Despite receiving notice and having actual knowledge of the commencement of the Debtor's bankruptcy case, Taylor and Taylor's Towing wrongfully exercised dominion and control over the Vehicle by failing and refusing to return it to the Debtor despite her repeated demands. Foster and Pit Road did nothing to cause the Vehicle to be returned to the Debtor.

The Debtor filed the Contempt Motion alleging violation of the automatic stay, 11 U.S.C. § 362(a), which was granted by default on February 28, 2007, no Respondent having filed a written response or appearing at the hearing. The Order granting the Contempt Motion was

entered on April 5, 2007. Taylor was ordered to immediately relinquish the Vehicle to the Debtor and to cease and desist from any further actions to exercise dominion and control over any property of the Debtor or of the estate and to refrain from disturbing or interfering with the Debtor's right to possession of the Vehicle.

On June 6, 2007, the Court held an evidentiary hearing to determine damages (the "Damages Hearing"). Counsel for the Debtor and counsel for Taylor and Taylor's Towing appeared and participated at the Damages Hearing. At the Damages Hearing, the Debtor offered undisputed testimony that she had made at least fifteen attempts to retrieve the Vehicle from Taylor and Taylor's Towing between late January and May 22, 2007. The most conspicuous of these attempts include the Debtor's trips to Taylor's Towing accompanied by an officer with the Chesterfield County Police Department on March 9, March 16, and April 5, 2007. On the first of these visits, the police officer presented Taylor with a copy of the Contempt Motion; on a subsequent visit, the police presented Taylor with a copy of the Court's Order. On each occasion, Taylor refused to turn over the Vehicle to the Debtor. During the April 5 visit, Taylor stated that he would not release the Vehicle to the Debtor because his affairs were with Foster, not the Debtor. On May 3, 2007, the Debtor and Debtor's counsel met with Taylor, attempted to retrieve the Vehicle, and hand-delivered the Order to Taylor. Again, Taylor refused to relinquish the Vehicle.

The Debtor finally regained possession of the Vehicle on May 22, 2007, on advice of counsel retained by Taylor two weeks prior to the Damages Hearing. In addition to detailing the many failed attempts to retrieve possession of the Vehicle, the Debtor offered evidence concerning actual physical damage that had occurred to the Vehicle. At the conclusion of the hearing, the Court announced that it would award the Debtor $2,244 for attorneys' fees and

3

$3,300 for compensatory damages to the Vehicle. The Court took the matter of punitive damages under advisement.

## CONCLUSIONS OF LAW

Section 362(k)(1) of the Bankruptcy Code specifically permits a court to impose actual damages, including costs and attorneys' fees as well as punitive damages, for a willful violation of the automatic stay. 11 U.S.C. § 362(k)(1) (2006). *See also Mickens v. Waynesboro Dupont Employees Credit Union, Inc. (In re Mickens)*, 229 B.R. 114, 118 (Bankr. W.D. Va. 1999). However, punitive damages require "more than [a] mere willful violation of the automatic stay" imposed by section 362(a). *Brown v. Town & Country Sales & Serv., Inc. (In re Brown)*, 237 B.R. 316, 320-21 (Bankr. E.D. Va. 1999). Some courts articulate the standard as a "reckless or callous disregard for the law or rights of others." *Goichman v. Bloom (In re Bloom)*, 875 F.2d 224, 228 (9th Cir. 1989). Other courts require a violation rising to the level of "egregious or vindictive" conduct. *In re Carrigan*, 109 B.R. 167, 172 (Bankr. W.D.N.C. 1989). In either case, the standard in the Eastern District of Virginia is that a willful violation "does not require specific intent to violate the stay, only knowledge of the stay and an intentional act." *In re Hendry*, 214 B.R. 473, 475 (Bankr. E.D. Va. 1997). *See also Budget Serv. Co. v. Better Homes of Va., Inc.*, 804 F.2d 289, 293 (4th Cir.1986) (finding the bankruptcy court acted within its power in assessing money damages under § 362 after concluding that the creditor "knew of the pending petition and intentionally attempted to repossess the vehicles in spite of it"); *Davis v. I.R.S.*, 136 B.R. 414 (Bankr. E.D. Va. 1992).

In the instant case, the actions of Taylor and Taylor's Towing in violation of the automatic stay were intentional and were done with full knowledge of the stay. The actions were also in blatant contravention of the Court's Order requiring that the Vehicle be returned to the

Debtor. These actions demonstrate an obvious disregard for the law. Taylor and Taylor's Towing repeatedly refused to relinquish possession of the Vehicle despite having knowledge of the Debtor's bankruptcy proceedings and being presented with the Motion and the Order on multiple occasions by the Debtor, Debtor's counsel, and by an officer of the Chesterfield County Police Department. These numerous and continued refusals to return the Vehicle over the course of approximately four months rise to the level of egregious conduct for which punitive damages are appropriate. As such, the Court finds that punitive damages are appropriate and will be imposed against both Taylor and Taylor's Towing.

Neither Foster nor Pit Road has had possession of the Vehicle since at least late January 2007; therefore, the Court finds that their actions do not rise to the level of conduct required for the imposition of punitive damages. Consequently, no punitive damages will be assessed against either Foster or Pit Road in this matter.

The Court's remaining task is to determine the amount of punitive damages that are appropriate in this case. Generally, courts are afforded much discretion in setting exemplary or punitive damages for a willful violation of the automatic stay. Relevant factors considered by courts may include the nature of the creditor's conduct, the degree of contempt shown for adherence to the law, the nature and extent of harm to the debtor, and the creditor's ability to pay. *Wills v. Heritage Bank (In re Wills)*, 226 B.R. 369, 376, n.8 (Bankr. E.D. Va. 1998). Another factor is the ratio between punitive and compensatory damages. *Varela v. Ocasio* (*In re Ocasio)*, 272 B.R. 815 (B.A.P. 1st Cir. 2002) (citing *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 574 (1996)).

Based on the foregoing factors, the Court finds that in addition to the award of compensatory damages of $5,544.00 in this case, an award of $5,000.00 in punitive damages against Taylor and Taylor's Towing is reasonable and appropriate. Accordingly,

IT IS ORDERED that the Debtor is awarded monetary sanctions against Respondents Paul Foster, Pit Road Auto Service, Jerry Taylor, and Taylor's Towing in the amount of $5,544.00, which is the sum of $2,244.00 as reimbursement of attorneys' fees and costs and $3,300.00 as reimbursement for damages to the Debtor's Vehicle, and it is further

ORDERED that judgment is entered against Paul Foster, Pit Road Auto Service, Jerry Taylor, and Taylor's Towing in the amount of $5,544.00, and it is further

ORDERED that the Debtor is awarded punitive damages against Respondents Jerry Taylor and Taylor's Towing in the amount of $5,000.00, and it is further

ORDERED that judgment is entered against Jerry Taylor and Taylor's Towing in favor of the Debtor in the amount of $5,000.00.


ENTERED: _____


      /s/ Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE


Copies to:

Michele Y. Brown
309 West 29th Street
Richmond, VA 23224

Rudolph C. McCollum, Jr.
P. O.Box 4595
Richmond, VA  23220

Pit Road Auto Service
Paul Foster
5724 Hull Street
Richmond, VA 23224

Michael J. Champlin
1919 Huguenot Road
Richmond, VA

Taylor's Towing
Jerry Taylor
8075 Jefferson Davis Highway
Richmond, VA 23237

Robert E. Hyman, Esquire
Chapter 13 Trustee
P. O. Box 1780
Richmond, VA 23218